UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  Criminal No.: 3:18-cr-000140-GHD-DAS

JONATHAN BRENT MURPHREE

MEMORANDUM OPINION

The Court has before it a Motion to Compel Discovery [32] filed by Defendant Jonathan Murphree. For the reasons set forth below, the motion is denied.

I. **Factual and Procedural Background**

The government seized from Murphree seventeen electronic items containing a large amount of data. Of those seventeen items, the government alleges that at least three, a laptop computer, a desktop computer, and an external hard drive, contain images of child pornography. A grand jury indicted Murphree for possessing those images.[1]

Murphree wishes to have a defense expert analyze the data the government seized. Through his attorney, he asked the government to provide a mirror image of the drives of these devices to the expert, so that the expert could perform his analysis at his own office. The government refused—Department of Justice policy interpreting the Adam Walsh Act[2] prohibits the government from transferring the drives to the expert in this instance. However, the government offered Murphree's attorney and expert the opportunity to analyze the evidence in person at the facility where the devices were held. Murphree then filed this motion to compel, seeking an order requiring the government produce copies of the drives.

II. **Analysis**

Rule 16 of the Federal Rules of Criminal Procedure require that, generally, the government must allow a defendant to inspect and copy any documentary evidence that the

---

[1] *See* 18 U.S.C. §§ 2252(a)(4)(B)
[2] 18 U.S.C. § 3509(m)(1)

1

government intends to use at trial. Fed. R. Crim. P. 16(a)(1)(E). But 18 U.S.C. § 3509(m)(2)(A), part of the Adam Walsh Act, says that notwithstanding Rule 16, the Court must deny any request to copy material that constitutes child pornography if "the Government makes the property or material reasonably available to the defendant." Material is "reasonably available" if "the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." *Id.* § 3509(m)(2)(B).

Murphree does not dispute that the Government has given his expert the opportunity to analyze the evidence in a private room at the DeSoto County Sheriff's Department, where it is currently stored. Murphree, however, asserts that his expert will be greatly inconvenienced because he will need to travel from Nashville, Tennessee to the DeSoto County in order to examine the material. Further, Murphree asserts that the on-site analysis will take several days, incurring further costs. Finally, Murphree asserts that, in order to be in compliance with protective orders in other cases, his expert will need to securely erase the equipment used in the analysis, which will again increase the cost of the analysis and delay the expert's work in those other cases. Murphree, however, does not provide an affidavit from the expert stating any of those claims.

The Fifth Circuit has said that "inconvenience to the expert or the complexity of the case" does not determine whether material is reasonably available. *United States v. Jarman*, 687 F.3d 269, 271 (5th Cir. 2012). "[W]hen the government makes child pornography material available for examination at a government facility, that *is* reasonable availability." *Id.* (emphasis added). Therefore, if the government provides the defendant access to inspect the material, the only question is whether the government imposes conditions on that access that "do not provide ample opportunity to inspect, view, or examine the material." *Id.*

Murphree has presented no evidence that the government will impose conditions on his expert that will deny him ample opportunity to examine the material. Even if the

inconvenience to Murphree's expert were a relevant factor—and under Fifth Circuit law it is not—Murphree has provided no evidence to support that claim. And to the extent that Murphree has cited instances where other courts have provided mirror copies of child pornography material to defendants, the Court finds that those cases are unpersuasive. First, many of these opinions were issued before the enactment of the Adam Walsh Act on July 27, 2006. PL 109–248, July 27, 2006, 120 Stat 587. Thus, they do not address whether a defendant has reasonable opportunity to examine the material under § 3509(m). Further, most cases are either incompatible with Fifth Circuit law because they consider great inconvenience to the expert to be important or determinative,[3] or they are distinguishable because the defendant provided evidence that the government sought to impose conditions that did not allow for a real opportunity to inspect the evidence in confidence.[4]

The most compelling case Muprhree presents is *United States v. Knellinger*, 471 F. Supp. 2d 640 (E.D. Va. 2007). There, the district court found that the defendant had established that he did not have ample opportunity to examine the evidence at the government facility. This was because even though it was possible for an expert to perform the analysis at the government facility, the defendant introduced evidence that no reasonable expert would actually agree to perform the analysis under the conditions the government wished to impose. *Id.* at 649. But *Knellinger* is distinguishable still. Here, not only does Murphree fail to establish that reasonable experts are unwilling to perform the analysis for him at the government facility under the government's imposed conditions, but Murphree has

---

[3] *United States v. Aldeen*, No. 06 CR 31 (SLT), 2006 WL 752821, at *4 (E.D.N.Y. Mar. 22, 2006) (permitting defendant to obtain copy of hard drive containing child pornography because defendant had "demonstrated an adequate amount of inconvenience"); *United States v. Hill*, 322 F. Supp. 2d 1081, 1091 (C.D. Cal. 2004), *aff'd*, 459 F.3d 966 (9th Cir. 2006) (holding that the government's proposal to permit on-site inspection and analysis of child pornography was inadequate because of the time necessary to conduct the analysis).

[4] *United States v. Frabizio*, 341 F. Supp. 2d 47, 49 (D. Mass. 2004) (holding the government must produce images because the government would have required that the defense expert analyze the images on an FBI computer where expert's own tools were necessary to perform the analysis)

3

provided to the Court proof that his expert *will* perform the analysis, albeit at greater cost. Expert Cost Quotes [32-1].

### III. Conclusion

In sum, Murphree fails to establish that the child pornography evidence in question here is not reasonably available for him, his attorney, and his expert to inspect and analyze. Therefore, his motion is denied.

An order in accordance with this opinion shall issue.

This, the 8th day of July 2019.

/s/ Alan H. Daniels
───────────────────────
SENIOR U.S. DISTRICT JUDGE

4