IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO.: 3:18CR140-GHD-RP

JONATHAN BRENT MURPHREE  DEFENDANT

OPINION DENYING DEFENDANT'S MOTION TO SUPPRESS

Presently before the court is the Defendant's Motion to Suppress Evidence [42, 50]. The Defendant seeks to have the Court suppress the introduction of evidence that was seized by the DeSoto County Sheriff's Department from the Defendant's home on May 1, 2018, pursuant to a search warrant.[1] The Court conducted a hearing relative to the Defendant's motion on January 9, 2020. Upon due consideration and for the reasons set forth herein, the Court rules that the Defendant's motion will be denied and that the subject evidence will not be suppressed.

*Standard of Review*

The general rule under the Fourth Amendment is that searches of private property are reasonable if conducted pursuant to a valid warrant issued upon probable cause. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L. Ed. 2d 576 (1967). "A defendant normally bears the burden of proving by a preponderance of the evidence that the challenged search or seizure was unconstitutional." *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005) (citing *United States v. Guerrero–Barajas*, 240 F.3d 428, 432 (5th Cir. 2001)). Accordingly, because the search in the case *sub judice* was conducted pursuant to a search warrant, the Defendant

---

[1] The Defendant was subsequently indicted on October 24, 2018, in a one-count Indictment for knowingly possessing images and videos of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256(2)(A). *See* Doc. No. 1.

bears the burden of proving by a preponderance of the evidence that the search of his home was unconstitutional. *United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002).

Courts employ a two-step process to evaluate a defendant's motion to suppress evidence when a search warrant is involved. First, the court must determine whether the *Leon* good faith exception to the exclusionary rule applies. *United States v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999) (citing *United States v. Leon*, 468 U.S. 897 (1984)). Second, if the good faith exception does not apply, the court determines whether the warrant was supported by probable cause. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004). If the good faith exception does apply, the Court "need not reach the question of probable cause." *Id.* (citing *Cherna*, 184 F.3d at 407).

The *Leon* good faith exception provides that evidence is admissible when it is obtained by law enforcement officials acting in objectively reasonable good faith reliance upon a search warrant, even if the affidavit on which the warrant was based was insufficient to establish probable cause. *Leon*, 468 U.S. at 922–23; *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988). Due to the "strong preference for warrants," the issuance of a warrant by a magistrate "normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant." *Leon*, 468 U.S. at 914, 922; *Craig*, 861 F.2d at at 822.

The good faith exception does not apply, however, when, among other reasons: (1) the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, or (2) an officer relied on a warrant based on an affidavit so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable. *United States v. Rojas-Alvarez*, 451 F.3d 320, 330 (5th Cir. 2006).

*Factual Background*

On April 26, 2018, Desoto County Sheriff's Department Detective Charles Logan ("Logan"), who was working as an Internet Crimes Against Children Task Force investigator, applied for a residential search warrant seeking evidence relating to possession of child pornography. *See* Doc. No. 42-1. In his sworn statement ("affidavit") in support of his request, Logan stated in part:

> On April 10th, 2018, I, Detective Charles Logan, was working an undercover investigation of users in Mississippi that agreed to participate in the downloading and/or distribution of child sexual abuse images. I identified a target with Internet Protocol Address 98.251.144.26 which geo located to the Olive Branch area of Desoto County. The user of this IP address was using the eDonkey network to access child exploitation material. Examining the hash values and comparing those values to known hash values that represent child exploitation material, I was able to identify numerous images or videos that based on my training and experience represent child exploitation videos.
>
> During the investigation, a file list reported by a user accessing the internet with the IP listed above had many files that contain terms that in my training and experience, I know to be associated with child pornography.

*See* Doc. No. 42-1, at p. 5. Logan further averred in his affidavit that his investigation made use of Child Protection System software, and that it was that software that detected file transfers through various Internet networks. *See* Doc. No. 42-1, at p. 2.

After providing an explanation of the content of the subject videos that contained matching SHA1 hash values of videos known to contain child pornography images, the affidavit states that Logan then sent a grand jury subpoena to the subject internet user's internet provider in order to obtain subscriber information regarding the identified IP Address.[2] The internet provider

---

[2] SHA1 is shorthand for Secure Hash Algorithm Version 1. SHA1 hash values are depicted as alphanumeric sequences which serve as the digital signature or "fingerprint" for a particular file or video. As noted in his affidavit, Logan states that "there has never been a documented occurrence of two different files being found on the Internet having different contents while sharing the same eDonkey/SHA1 value." *See* Doc. No. 42-1, at p. 2.

3

replied that the address for the identified internet subscriber was 3045 Shady Oaks Drive, Olive Branch, Mississippi 38654. Logan then requested that a search warrant issue for a search of that residence for evidence of the possession of images of child pornography.

The issuing magistrate found that there was probable cause to believe that electronic devices at that residence may contain evidence related to the crime of possession of child pornography, and she signed the warrant on April 26, 2018. *See* Doc. No. 42-1, at p. 12. A search of the subject residence was then conducted on May 1, 2018. Numerous electronic devices belonging to the Defendant were seized, including a desktop computer, a laptop computer, and an external hard drive from the Defendant's bedroom. The laptop and external hard drive contained the child pornography files noted in the search warrant, in addition to other files identified as images and videos of child sexual abuse. The Defendant was subsequently indicted on October 24, 2018, for possession of child pornography. *See* Doc. No. 1.

*Analysis*

Good Faith Exception

The Defendant argues that the *Leon* good faith exception does not apply because the affidavit Logan submitted in support of the warrant "contains a false statement that was made intentionally or with reckless disregard for its truth." *Cavazos*, 288 F.3d at 709-10.

In support of his argument, the Defendant first asserts that Logan made two false statements in the affidavit that misled the magistrate and that render the search warrant and ensuing search invalid: (1) that there was activity from the Defendant's IP Address on April 10, 2018, related to the downloading of child pornography; and (2) that Logan himself remotely accessed the Defendant's computer prior to the execution of the warrant to verify that the subject files were indeed child pornography.

4

The Court finds that the Defendant's assertions related to these two statements are without merit. A plain reading of the language in Logan's affidavit does not support the assertion that Logan made either of these statements. First, the Defendant claims that Logan falsely stated that child pornography was downloaded by the Defendant's IP Address on April 10, 2018, and that in fact there were no such downloads on the Defendant's computer on that date. Whether or not the Defendant is correct in asserting that his IP Address did not download child pornography on that particular date, a plain reading of Logan's affidavit makes clear that the affidavit does not state that any downloading activity from the Defendant's IP address occurred on that date. Rather, Logan's affidavit specifically states that, on April 10, 2018, Logan was "working an undercover investigation of users in Mississippi that agreed to participate in the downloading and/or distribution of child sexual abuse images" and that on that date, the Defendant's IP address was identified as having used an internet network to access child exploitation material. *See* Doc. No. 42-1, at p. 5. Logan does not state in the affidavit that any downloading activity of the subject child pornography files specifically took place on the Defendant's computer on April 10, 2018. Accordingly, the Court finds that this argument is without merit.

The Defendant next asserts that Logan omitted necessary information regarding the software he used to identify the Defendant as a downloader of child pornography, and that, instead of identifying the software, Logan stated that he personally remotely accessed the Defendant's computer prior to seeking the search warrant to verify that the subject files were indeed child pornography. The Defendant argues that, absent this omission, the good faith exception does not apply.

The Court finds that Logan, in his affidavit, did sufficiently identify the software he used during his investigation and that Logan did not claim in his affidavit that he personally made a connection to the Defendant's computer to access any files. *See* Doc. No. 42-1 at p. 2. The affidavit makes clear that Logan was able to verify files, reported by the Child Protection System software to have been downloaded by the Defendant's IP address, as child pornography by comparing the SHA1 hash values of those files to the hash values of files known to contain child pornography from previous child sexual abuse investigations. *Id.* at pp. 2, 5.

Accordingly, the court finds that a plain reading of Logan's affidavit demonstrates that he did not make false statements to the magistrate nor did he omit facts necessary to establish probable cause regarding his use of the Child Protection System software.[3]

The Court notes that the method that Logan used to identify the files that the Defendant had downloaded (comparing the SHA1 hash tag values of those files to the SHA1 hash tag values of files known to contain child pornography) has been found by other federal courts to provide probable cause for a search warrant. See *United States v. Blouin*, No. CR16-307 TSZ, 2017 WL 3485736, at *4 (W.D. Wash. Aug. 15, 2017) (holding that "[b]ecause hash values are analogous to fingerprints," "the images of videos need not themselves be downloaded from the suspect's computer in advance of the issuance or execution of a search warrant."); *United States v. Feldman*, No. 13-CR-155, 2014 WL 7653617, at *7-*10 (E.D. Wis. July 7, 2014); *United States v. Oliverius*, 2011 U.S. Dist. LEXIS 110783, at 10-12 (D. Neb. Aug. 5,

---

[3] To the extent that the Defendant's argument is that it was necessary for Logan to personally access Defendant's computer to gain probable cause that the computer contained child pornography, the Court finds that argument without merit as well. The crime the Defendant for which the Defendant was under investigation, and for which he was ultimately indicted, was possession of child pornography, not distribution of child pornography. *See* Doc. No. 1. Evidence of actual distribution or receipt of child pornography is not an element of the crime of possessing child pornography, and is thus irrelevant in this case. *See* 18 U.S.C. § 2252(a)(4)(B).

2011). In addition, the usage of software similar to the Child Protection System software identified in Logan's affidavit and utilized by Logan to identify the downloading of child pornography materials has been found to be reliable in other federal courts. See, e.g., *United States v. Hoeffener*, No. 4:16-CR-374 JAR/PLC, 2018 WL 2996317, at *13-*14 (E.D. Mo. May 9, 2018); *United States v. Maurek*, 131 F. Supp. 3d 1258, 1266 (W.D. Okla. 2015).

For all of the above reasons, the court finds that the Defendant's arguments regarding the sufficiency of the affidavit are without merit and the good faith exception applies. Accordingly, the Court denies the Defendant's motion to suppress the subject evidence.

## Probable Cause

While the Court has found that the *Leon* good faith exception applies to the facts of this case, and that an analysis of probable cause is therefore not required, the Court in any event finds that Logan's affidavit does establish the existence of probable cause.

As a general matter, "[p]robable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime." *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006). A magistrate's determination of probable cause "should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (citing *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). In addition, with respect to warrants involving searches for child pornography materials, the Fifth Circuit has stated, "[a]n affidavit supporting a search warrant for child pornography does not need to show specific, individualized evidence of possession of child pornography." *United States v. Kleinkauf*, 487 F. App'x 836, 838 (5th Cir. 2012). Rather, a court considering whether probable cause exists "must make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit . . .

7

there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (citing *Froman*, 355 F.3d at 890-91)).

Here, Logan's affidavit outlined his investigatory steps in detail. He first identified an IP Address which was located within his jurisdiction that, according to Logan's investigative software, contained files that possessed file names of known child pornography. *See* Doc. No. 42-1, at p. 5. Logan was able to match the SHA1 hash values of those files downloaded by the Defendant with the SHA1 hash values of files known to contain child pornography from previous investigations. *Id.* Based on his matching the digital signatures of the files, Logan was able to view those files and confirm them to be images of child pornography. *Id.* at pp. 5-6. Logan then obtained a subpoena from the Desoto County Justice Court for subscriber information related to the Defendant's IP Address. *Id.* at p. 6. The internet provider returned information identifying the subscriber as located at 3045 Shady Oaks Drive, Olive Branch, Mississippi 38654. *Id.* Based on this information, Logan requested a search warrant of the subject residence for electronic devices that may contain child pornographic images. The search was then executed and the files that were listed in the affidavit and that Logan had determined to be child pornography, along with other files containing child pornography, were located on electronic devices belonging to the Defendant.

Given the totality of circumstances, including all the investigative evidence connecting the Defendant's IP address with child pornography, the Court finds that there was more than a sufficient basis to find probable cause for the search. Probable cause involves a flexible, common-sense standard that ultimately is concerned with determining under the totality of circumstances whether a person of reasonable prudence would believe evidence, contraband, or the instruments of a crime will be found. *Ornelas v. United States*, 517 U.S. 690, 696 (1996);

*Kohler*, 470 F.3d at 1109. The affidavit that Logan submitted to the magistrate meets this standard and established probable cause. Accordingly, the Court finds that, based on Logan's affidavit, there was probable cause to believe that child pornography materials would be found on one or more electronic devices located at the Defendant's residence.

*Conclusion*

As outlined herein, the Court denies the Defendant's motion to suppress the subject evidence. The Defendant failed to meet his burden to show by a preponderance of the evidence that the *Leon* good faith exception does not apply with respect to the subject search warrant. In addition, the Court finds that the Defendant has failed to show that the warrant and affidavit lacked probable cause. Accordingly, the Defendant's Motion to Suppress is denied.

An order in accordance with this opinion shall issue this day.

THIS, the 16th day of January, 2020.

SENIOR U.S. DISTRICT JUDGE